## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

VINCENT M. SHEFFEY,

      Plaintiff,

                                   Civil Action No. 17-10374[1]

v.

                                   HONORABLE DENISE PAGE HOOD

O'REILLY RANCILIO, P.C.,
CITY OF DETROIT, STATE OF
MICHIGAN and ERIC SABREE,

      Defendants.

_____/

## ORDER GRANTING APPLICATION TO
## PROCEED WITHOUT PREPAYING FEES,
## SUMMARILY DISMISSING AND CLOSING ACTION,
## AND
## FINDING ALLEGATIONS FRIVOLOUS

      Before the Court is Vincent M. Sheffey's Application to Proceed *In Forma Pauperis.* A review of the application supports his claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the action as frivolous and for failure to state a claim upon which relief may be granted.

_____

      [1] Plaintiff refers to a previously-filed case before former District Judge Gerald E. Rosen (retired from the Bench effective January 31, 2017). The previous matter was a student loan recovery action filed by the United States against the plaintiff in the instant case, Vincent Sheffey. A Default Judgment was entered against Sheffey on May 19, 2014 in the amount of $36,307.48. (Case No. 14-10237, Doc. No. 7)

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief.  A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint.  The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008).  Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519 (1972).  However, *pro se* litigants are not excused from failing to follow basic

2

procedural requirements.  *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

Plaintiff filed a 22-page document entitled, "Complaint and Status" on February 1, 2017.  (Doc. No. 1)  Plaintiff asserts he has never been part of "this corporate state or their judicial system."  *Id.*  Plaintiff seeks compensation in the amount of $150,000.00.  *Id.*  Plaintiff attached documents referring to the "Lufkin County" case and a document entitled, "Fraud! Fraud! Fraud!"  *Id.*  The named-Defendants in the case caption are O'Reilly Rancilio P.C., City of Detroit, State of Michigan and Wayne County Treasurer-Eric Sabree.  There are no factual allegations against the named-Defendants in the substance of the "Complaint and Status."

After reviewing the "Complaint and Status" and the other documents filed by Plaintiff, the Court finds Plaintiff failed to follow the rules of pleading set forth in Rule 8(a) of the Rules of Civil Procedure which requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).   Even liberally construing the documents submitted by Plaintiff, the Court finds that Plaintiff failed to allege any factual grounds showing that Plaintiff is entitled to any relief from the named-Defendants.  Plaintiff fails to state a claim upon which relief may be granted under Rule 12(b)(6).  The Court finds Plaintiff's submissions frivolous.

For the reasons set forth above,

IT IS ORDERED that Plaintiff Vincent M. Sheffey's Application to Proceed *In Forma Pauperis* Without Prepaying Fees or Costs **(Doc. No. 4)** is GRANTED.

IT IS FURTHER ORDERED that the action is DISMISSED with prejudice and this action is designated as CLOSED on the docket.

IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B).  Any Appeal of this Order would be frivolous and would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.

> S/Denise Page Hood
> Denise Page Hood
> Chief Judge, United States District Court

Dated:  February 28, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 28, 2017, by electronic and/or ordinary mail.

> S/LaShawn R. Saulsberry
> Case Manager